## UNITED STATES v. MASICH et al.

*(Circuit Court, E. D. Louisiana. November, 1890.)*

**RECEIVERS—WHEN APPOINTED—MORTGAGEE IN POSSESSION.**

As against a mortgagee in possession of the mortgaged property, a receiver will not be appointed in favor of one claiming a subsequent lien thereon by seizure under execution, but the court will compel the application of the rents and profits of the property to the satisfaction of the mortgage, by injunction.

At Law. On motion to appoint a receiver.

*Wm. Grant*, for complainant.

*T. J. Semmes*, for defendants.

PARDEE, J. Since the bill was filed in this case, the defendants by transfers of notes and properties among themselves have materially changed the *status* and possession of the property on which complainant claims a lien by and through seizure under execution. These transfers *pendente lite* cannot, of course, prejudice any of complainant's rights in and to the property upon which the lien is claimed; but I think they may be considered in determining the present question before the court, which is, whether it is necessary, in order to protect complainant's rights, that a receiver of the property in controversy should be appointed, so that the rents and profits may be applied, so far as may be equitable, towards the satisfaction of complainant's judgment against Masich. The bill makes no serious attack upon the validity of the vendor's lien and privilege claimed for the second note of $8,000, given by Faget at the time of the purchase of the property. The showing made upon this hearing leaves little doubt in my mind as to the validity and priority of that vendor's lien. This showing is to the further effect that defendant David Jackson is the owner of that mortgage note carrying the vendor's lien, and is in possession of the mortgaged property for the custody of which the receiver is asked. It is true that by the letter of the transfer made he is in possession as owner with said note extinguished; but as such transfer imports that he purchased the property, giving the said note as part consideration, it would seem clear that his worst position in regard to the property is that of a mortgagee in possession. Against a mortgagee in possession, the general rule is not to appoint a receiver in favor of subsequent lienholders. See Beach, Rec. § 80. While Jackson's actions and conduct in the matter, both before and after filing this bill, are such as to throw suspicion upon him, and tend to show that the charges made by complainant in the bill, as to his collusion with defendant Masich, in this case, are true, I am inclined to think that all that the complainant can ask in the case is that the rents and profits of the real estate in question shall be applied in favor of its claim, if eventually sustained; and this can be as well done, indirectly, by compelling the application of rents and profits to the satisfaction of the undoubted prior mortgage as by the appointment of a receiver. I am of the opinion that an injunction should issue in the case restraining defendants, Jackson and Masich, from further transferring or incumbering the property in any wise, and from applying the rents and profits of the said real estate to any other purpose than the reduction of the principal and interest of the note for $8,000, made by Laurent Faget to his own order, and by him indorsed, dated 19th April, 1884, payable two years after date, which note is alleged to be secured by the mortgage and vendor's privilege upon the property in question. Such injunction may issue.